Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5732 | **DATE** | 5/15/2001 |
| **CASE TITLE** | Chamira Burns vs. Elmhurst Auto Mall, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: for the foregoing reasons, Elmhurst's motion to dismiss [9-1] is granted in part and denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 16 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | 24 |
| | Mail AO 450 form. | | IS | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 01 MAY 16 PM 2:10 | docketing deputy initials | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARMIRA BURNS,

    Plaintiff,

v.

ELMHURST AUTO MALL, INC., d/b/a
ELMHURST KIA,

    Defendant.

No. 00 C 5732

Judge Wayne R. Andersen

DOCKETED
MAY 1 6 2001

## MEMORANDUM OPINION AND ORDER

After failing to obtain financing for a vehicle purchased by Charmira Burns (Burns), Elmhurst Auto Mall, Inc. ("Elmhurst") repossessed the vehicle. In response, Burns filed a four Count Complaint. In her Complaint, Burns alleges: a violation of the Equal Credit Opportunity Act (Count I), a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II), a violation of Section 9-503 of the Uniform Commercial Code (Count III), and a violation of the Truth in Lending Act (Count IV). Pursuant to Federal Rule of Civil Procedure 12(b)(6) defendant Elmhurst Auto Mall, Inc. has brought a Motion to Dismiss Counts I, III, and IV of the Complaint. For the following reasons, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

For the purposes of this motion the following facts are taken as true. On March 17, 2000, Burns went to Elmhurst and decided to purchase a red Kia Sephia. At that time, Burns gave a $500 cash down payment and entered into a Retail Installment Contract ("RIC") and a Consent Rider For Inability To Finance ("Rider"). Pursuant to these agreements, Burns agreed that in the event that



Elmhurst was unable to assign its rights, title and interest in the RIC to a sales finance agency, Burns was to return the vehicle to Elmhurst's place of business within two days of such notice, and Elmhurst was to return all of Burns' deposits. The Rider did not indicate that the dealership or creditor must notify her of a failure to obtain financing within a specific number of days.

Following the signing of the RIC, Burns claims that Elmhurst, through its employee, represented to her that financing for her purchase had been obtained and that she owned the car. Unbeknownst to Burns, financing had not yet been obtained for her purchase of the vehicle. Elmhurst, allegedly repossessed the vehicle before April 17, 2000, the date the first payment was due, and did not return any of Burns' down payment or personal belongings that were in the vehicle. Elmhurst never notified Burns in writing that her application for financing had been denied. In addition, Elmhurst never notified Burns in writing as to the reasons why her application for financing had been denied.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir.1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**DISCUSSION**

I. Count I: The Alleged Violation of the Equal Credit Opportunity Act

Burns alleges in Count I that Elmhurst violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., by failing to comply with the written notification requirements provided for therein. The ECOA entitles applicants to written notification of denial of credit and a statement of the reasons of such actions. See 15 U.S.C. § 1691(d)(2). Burns alleges that she did not receive a written notice from Elmhurst despite the rejection of her credit application, nor did she receive the reasons for the decision.

"Any person who regularly arranges for the extension, renewal, or continuation of credit" is charged with issuing a statement to applicants explaining why credit was denied. 15 U.S.C. § 1691a(e). Elmhurst Auto Mall regularly refers applicants to creditors and selects creditors to whom credit applications can be made. Thus, Elmhurst is included in the definition of creditor found in ECOA. However, no provision of ECOA requires a creditor who does not participate in the credit decision to separately report to the applicant.

The ECOA states that "where a creditor has been requested by a third party to make a specific extension of credit directly or indirectly to an applicant, the notification and statement of reasons required by this subsection may be made directly by such creditor, or indirectly through the third party, provided in either case that the identity of the creditor is disclosed." 15 U.S.C. § 1691(d)(4). This section foresees that multiple entities may be involved, but only requires one notification to the applicant. Thus, if only one credit agency is used and the credit agency, not the automobile dealer, notifies the applicant in writing and states the reasons for the denial, the ECOA reporting requirement is met.

While Burns received several credit denial letters, it is unclear who sent the letters, when she received them and whether the letters stated the reasons as to why she was denied credit. At this stage of the litigation, it is unclear whether the credit denial letters comply with the requirements of the ECOA. However, plaintiff alleges that she was not properly notified and that the reporting requirements of the ECOA were not met. Therefore, Elmhurst's motion to dismiss Count I is denied.

II. <u>Count III: The Alleged Violation of Section 9-503 of the Uniform Commercial Code</u>

Count III alleges a violation of section 9-503 of the Uniform Commercial Code ("UCC"). Pursuant to that provision, a secured party has the right to take possession of the collateral upon default unless otherwise agreed. See 810 ILCS 5/9-503. Burns contends that she was not in default when Elmhurst engaged in self-help repossession. Thus, Burns argues, Elmhurst was not entitled to repossess her vehicle. This claim is dismissed because Elmhurst was the owner of the vehicle and had a contractual right to possess the vehicle because the contract was canceled. Further, Burns admits that she was not in default, so she cannot recover under section 9-503 of the UCC.

According to the contract signed by Burns, Elmhurst could cancel the contract if financing could not be obtained. Once the credit application was rejected, Elmhurst had a contractually derived right to cancel the contract. At this point, Burns no longer had any legal interest in the vehicle. Burns does not argue that the contractual provision was invalid. Thus, Elmhurst's right to the vehicle and its ownership of the vehicle is undisputed. Elmhurst was not exercising a creditor's right to repossess a vehicle that secured a debt; Elmhurst was only repossessing its own vehicle. Therefore, Count III is dismissed.

4

III. Count IV: The Alleged Violation of the Truth in Lending Act

In Count IV, Burns alleges that Elmhurst represented to her that financing had been obtained when in fact it had not, thereby violating the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602 et seq. Congress enacted TILA "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit practices." 15 U.S.C. § 1601(a); Brown v. Marquette Sav. & Loan Ass'n., 686 f.2d 608, 612 (7th Cir. 1982). Creditors must clearly and accurately reveal to consumers the cost of credit, including all finance charges. 15 U.S.C. § 1605, 1638, 1632; 12 C.F.R. § 226.18 (1995). The stringent disclosure requirements are designed to prevent creditors from circumventing TILA's objectives by burying the cost of credit in the price of the goods sold. Mourning v. Family Publications Serv., Inc., 411 U.S. 356, 364, 93 S.Ct. 1652, 1658, 36 L.Ed.2d 318 (1973). The disclosures made prior to the consummation of a credit transaction must accurately reflect the cost of the transaction. 15 U.S.C. §§ 1601, 1638; 12 C.F.R. § 226.17(b); Jasper v. New Rogers Pontiac, Inc., No. 99 C 5195, 1999 WL 1024522 (N.D.Ill. Nov. 5, 1999).

Burns entered into a binding contract with Elmhurst. A condition subsequent was used to cancel the contract. This set of facts does not undermine the validity of the TILA disclosures. Accurate disclosures do not become violations because they are rendered inaccurate by subsequent events. "If information disclosed in accordance with [TILA] is subsequently rendered inaccurate as the result of any act, occurrence, or agreement subsequent to the delivery of the required disclosures, the inaccuracy resulting therefrom does not constitute a violation of this part." 15 U.S.C. § 1634. Since the disclosure was accurate when the contract was completed, the lack of available financing

5

at the rate disclosed does not render the disclosures actionable. Thus, Burns fails to state a claim under TILA, and Count IV is dismissed.

## CONCLUSION

For the foregoing reasons, Elmhurst's motion to dismiss is GRANTED in part and DENIED in part. Defendant Elmhurst's motion to dismiss Count III and Count IV is GRANTED. Defendant Elmhurst's motion to dismiss Count I is DENIED.

_____
Wayne R. Andersen
United States District Judge

Dated: May 15, 2001